COMMONWEALTH of Pennsylvania,
Appellee,

v.

Ronald FAIRIROR, Appellant.

Superior Court of Pennsylvania.

Submitted April 15, 2002.
Filed Sept. 10, 2002.
Reargument Denied Nov. 15, 2002.

David J. DeFazio, Pittsburgh, for appellant.

W. Richard Booth, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before: LALLY–GREEN, TODD, and HESTER, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Ronald Fairiror, appeals from the order entered on January 24, 2000, dismissing his petition under the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. We affirm.

¶ 2 The procedural history of the case is as follows. On March 14, 1994, Appellant was found guilty of first-degree murder, robbery, criminal conspiracy, and of violations of the Uniform Firearms Act. At trial, Appellant was represented by Jeffrey L. Pollock, Esq. Appellant was sentenced to life imprisonment. On March 13, 1996, this Court affirmed the judgment of sentence. *Commonwealth v. Fairiror*, 451 Pa.Super. 594, 678 A.2d 826 (1996). Appellant's Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied on December 27, 1996. *Commonwealth v. Fairiror*, 546 Pa. 691, 687 A.2d 376 (1996). Appellant was represented by Attorney Pollock throughout his direct appeal.

¶ 3 Appellant filed a timely *pro se* PCRA petition on February 5, 1997. The PCRA court appointed counsel to represent Appellant. Subsequently, Appellant retained

private counsel, David J. DeFazio, Esq., and court-appointed counsel withdrew. On February 15, 1999, Attorney DeFazio filed a petition for extension of time to file an amended PCRA petition, which the court granted. On July 16, 1999, the court granted a second petition for an extension of time. The court ordered Attorney De-Fazio to file an amended PCRA petition no later than September 30, 1999, or the court would issue a final order dismissing the case. Attorney DeFazio took no action. On January 24, 2000, the court issued a final order dismissing the petition.

¶ 4 Attorney DeFazio did not file a timely PCRA appeal. Rather, on June 28, 2000, Attorney DeFazio filed an amended PCRA petition. The amended petition alleged that Attorney Pollock was ineffective for failing to advise Appellant adequately regarding his decision to testify during his trial. The petition also included an affidavit from Appellant stating that "if permitted the Defendant would have testified that regarding the death of the victim, Mr. Fairiror did not act with malice, premeditate, or form the specific intent to kill the victim." The Commonwealth and the court did not respond to this amended petition.

¶ 5 On January 8, 2001, Attorney DeFazio filed a petition for reinstatement of PCRA appellate rights *nunc pro tunc.* The court granted this relief on January 10, 2001. On March 2, 2001, for reasons which are unclear from the record, Attorney DeFazio filed a second petition to file an appeal *nunc pro tunc.* On March 7, 2001, the PCRA court again granted this relief. The Commonwealth did not oppose either petition.

¶ 6 On April 11, 2001, the court ordered defendant to file a Concise Statement of Matters Complained of on Appeal. On May 2, 2001, Appellant complied. On October 23, 2001, the PCRA court issued an

opinion supporting the dismissal of Appellant's PCRA petition. This appeal followed.

¶ 7 Appellant, through Attorney DeFazio, raises one issue on appeal:

I. Whether the PCRA court erred when it dismissed Appellant's PCRA petition without first granting a hearing to determine whether Appellant was denied effective assistance of counsel in which Appellant alleges that trial counsel was ineffective for failing to allow Appellant to testify.

Appellant's Brief at 3. Before we address this issue, we must determine whether the PCRA court had jurisdiction to entertain Appellant's claims for *nunc pro tunc* relief. We conclude that the court did not have jurisdiction.

■ ¶ 8 Appellant's January 8, 2001 petition for reinstatement of PCRA appellate rights *nunc pro tunc* must be considered a second (and untimely) PCRA petition. In *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 572 (1999), our Supreme Court held that a petitioner has no right to a *nunc pro tunc* appeal outside the PCRA to restore direct appeal rights lost due to ineffectiveness of counsel. More recently, our Supreme Court held that the PCRA provides the sole means for restoration of direct appeal rights. *Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232, 1235 (2001) ("by its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief").

¶ 9 Although *Hall* and *Lantzy* dealt with the restoration of direct appeal rights, these cases teach that all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA. We recognize that this Court, on several occa-

sions, has held to the contrary. In *Commonwealth v. Ross,* 763 A.2d 853, 856–857 (Pa.Super.2000), this Court reasoned that reinstatement of PCRA appellate rights *nunc pro tunc* was a viable remedy outside the strictures of the PCRA for petitions pre-dating our Supreme Court's decision in *Lantzy. Id., citing, Commonwealth v. Garcia,* 749 A.2d 928, 931 (Pa.Super.2000) (*en banc*), and *Commonwealth v. Hitchcock,* 749 A.2d 935 (Pa.Super.2000) (*en banc*). *Ross* is distinguishable because Appellant's *nunc pro tunc* petition in the instant case post-dated *Lantzy.* Moreover, in *Commonwealth v. Rivera,* 802 A.2d 629, 2002 PA Super 193, ¶¶ 14–15, this Court held that *Hall* effectively overruled *Garcia* and *Hitchcock* by applying *Lantzy* retroactively.

∎ ¶ 10 Section 9545(b)(1) of the PCRA requires that any PCRA petition, including second or subsequent petitions, must be filed within one year of the date the judgment becomes final. The 1995 amendments to the PCRA also provide that if the judgment of sentence became final before the effective date of the amendments (*i.e.,* January 16, 1996), a PCRA petition could be filed within one year, or by January 16, 1997. This grace period does not apply to second or subsequent petitions, regardless of when the first petition was filed. *See, Commonwealth v. Johnson,* 732 A.2d 639 (Pa.Super.1999), *citing, Commonwealth v. Thomas,* 718 A.2d 326 (Pa.Super.1998) (*en banc*). Judgment becomes final at the conclusion of direct review. 42 Pa.C.S.A. § 9545(b)(3).

¶ 11 Our review of the record shows that direct review expired on or about March 27, 1997, 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant failed to seek review by the United States Supreme Court. *Commonwealth v. Owens,* 718 A.2d 330, 331 (Pa.Super.1998).

¶ 12 Appellant's *nunc pro tunc* petition was filed on January 8, 2001. As a second PCRA petition, it must have been filed on or before March 27, 1998, to meet the one-year time limit in 42 Pa.C.S.A. § 9545(b)(1). Thus, the petition filed on January 8, 2001, was manifestly untimely.

¶ 13 Finally, the PCRA court may entertain the merits of an untimely petition if the petitioner can plead one of the exceptions to the one-year filing deadline provided in 42 Pa.C.S.A. § 9545(b)(1). These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. 42 Pa.C.S.A. §§ 9545(b)(1)(i),(ii),(iii). If a petitioner asserts one of these exceptions, he must file his petition within 60 days of the date that the exception could be asserted. 42 Pa. C.S.A. § 9545(b)(2).

¶ 14 Appellant did not raise any of the three timeliness exceptions in his *nunc pro tunc* petition. Thus, because Appellant's second PCRA petition was untimely, the PCRA court had no jurisdiction to grant reinstatement of PCRA appellate rights. *Commonwealth v. Hutchins,* 760 A.2d 50, 53 (Pa.Super.2000) (the PCRA court has no jurisdiction to hear an untimely petition).

¶ 15 We would be remiss if we did not call attention to the lack of diligence displayed by Appellant's counsel in this case. Attorney DeFazio filed for two extensions of time to file an amended PCRA petition. Twice the PCRA court granted the extensions, but each time Attorney DeFazio failed to submit an amended petition. Finally, the PCRA court ordered Attorney DeFazio to file an amended petition no later than September 30, 1999, or a final order would be issued dismissing the case.

Attorney DeFazio failed to comply, and the PCRA court issued a final order dismissing the case. Although Attorney De-Fazio claimed ineffectiveness of trial counsel in his amended petition, that petition was a nullity because it was filed over five months after the PCRA court entered its final order.[1] Most importantly, counsel's failure to perfect a PCRA appeal in the first instance became an unremediable error, because the only way to go about correcting that error was to file a second (and untimely) PCRA petition. Appellant's current counsel, and indeed all counsel, should be aware that it is a rare case indeed that will proceed so swiftly through our courts as to allow a timely second PCRA petition. Thus, given the PCRA's time constraints, it is imperative that counsel file timely PCRA appeals or run the substantial risk of having that right lost forever.

¶ 16 Order affirmed.

---

1. Because Appellant's sole substantive issue on appeal was not raised in his *pro se* petition or in a timely-filed amended petition, it arguably would have been waived on appeal under Pa.R.Crim.P. 902(b) even if counsel had managed to file a timely PCRA appeal. On appeal, Attorney DeFazio argues that the court could have appointed new counsel for Appellant if the court was impatient with counsel's performance. As a result of our disposition, we need not address this argument, except to say that we have found no authority for the proposition that a court may unilaterally remove counsel of a defendant's choice and replace him with appointed counsel. Moreover, we are compelled to note that Attorney DeFazio's position reflects the same lack of zeal and diligence that he displayed in the PCRA proceedings. Rather than place the burden on the PCRA court, Attorney DeFazio should have placed the burden on himself to ensure that his client was being represented in a responsible manner. For example, if Attorney DeFazio believed that he could not file a timely petition, he could have advised his client to find new counsel who could do so. Instead, Attorney DeFazio did nothing but waive his client's PCRA issues. We also note that, realistically, there is no immediate disincentive for inactivity such as Attorney DeFazio's, aside from counsel's own sense of his professional duty to his client. Other disincentives include disciplinary proceedings, public reproach (such as that contained in this Opinion), and any decline in economic opportunities arising from these actions. The facts of this case underscore the principle that clients choose their counsel at their own peril.