J-S58041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JUNIOR SAVAGE | |
| Appellant | No. 720 WDA 2014 |

Appeal from the PCRA Order April 24, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001792-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 29, 2014**

Appellant, William Junior Savage, appeals *pro se* from the order entered in the Fayette County Court of Common Pleas, dismissing as untimely his serial petition filed per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On May 6, 2010, a jury convicted Appellant of aggravated indecent assault—without consent, aggravated indecent assault—complainant less than thirteen years of age, aggravated indecent assault of a child, indecent assault—without consent, indecent assault—complainant less than thirteen years of age, and corruption of minors.  The court sentenced Appellant on May 20, 2010, to an aggregate term of seven to fifteen years' imprisonment.  This Court affirmed the judgment of sentence on November 15, 2010.  ***See Commonwealth v.***

_____

*Retired Senior Judge assigned to the Superior Court.

*Savage*, 22 A.3d 1071 (Pa.Super. 2010). Appellant filed numerous *pro se* filings, which the court denied after it appointed counsel, who filed a *Turner*/*Finley* "no-merit" letter and motion to withdraw that the court granted. On March 11, 2014, Appellant filed *pro se* what the court deemed was Appellant's fourth PCRA petition. The court issued Rule 907 notice on April 1, 2014, and dismissed Appellant's petition as untimely on April 24, 2014. Appellant timely filed a *pro se* notice of appeal on May 1, 2014. The court did not order Appellant to file a Rule 1925(b) statement, and Appellant filed none.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy." *Id.* at 359, 956 A.2d at 983. Under the amended PCRA, effective 1/16/96, a PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Instantly, Appellant filed his current petition for post-conviction relief on March 11, 2014, more than three years after his judgment of sentence became final on December 15, 2010. Further, the one-year grace period

provided in the amended PCRA "does not apply to second or subsequent petitions, regardless of when the first petition was filed." ***Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa.Super. 2002), *appeal denied*, 573 Pa. 703, 827 A.2d 429 (2003). Additionally, Appellant's current PCRA petition fails to plead and prove any cognizable exception to the statutory timeliness requirements. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (providing three exceptions to one-year time limit under PCRA). Accordingly, the court properly dismissed the petition as untimely.

Order affirmed.

Judgment Entered.

Deputy Prothonotary

Date: 9/29/2014