J-A31010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN LYNN ANDERSON, | |
| Appellant | No. 255 MDA 2014 |

Appeal from the Order Entered February 4, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003450-2007

BEFORE:  BOWES, OTT, and STABILE, JJ.

JUDGMENT ORDER BY BOWES, J.:                **FILED OCTOBER 02, 2014**

Ryan Lynn Anderson appeals from the order denying his fifth motion for a new trial.  We affirm.

Appellant was convicted of driving under the influence of alcohol and was sentenced on October 24, 2007 to 48 hours to six months imprisonment.  On November 7, 2008, we affirmed, and addressed the merits of four issues.  *Commonwealth v. Anderson*, 964 A.2d 933 (Pa.Super. 2008) (unpublished memorandum).  Appellant then filed four *pro se* motions for a new trial, which were denied.  He appealed the denial of his second, third, and fourth requests for a new trial.  We affirmed in each instance.  We concluded that the motions had to be treated as PCRA petitions, and ruled that Appellant was ineligible for PCRA relief since he had completed his sentence on December 1, 2009.  *Commonwealth v.*

*Anderson,* 37 A.3d 1245 (Pa.Super. 2011) (unpublished memorandum); *Commonwealth v. Anderson*, 64 A.3d 22 (Pa.Super. 2012) (unpublished memorandum); *Commonwealth v. Anderson*, 93 A.3d 514 (Pa.Super. 2013) (unpublished memorandum); *see* 42 Pa.C.S. § 9543(a)(1)(i) (to be eligible for PCRA relief, a defendant must be serving a sentence of imprisonment, parole, or probation).

Appellant filed a fifth motion for new trial on January 9, 2014; it was denied on January 29, 2014; this appeal followed. As outlined in our last three memoranda, Appellant is no longer serving a sentence, and the denial of his motion for a new trial, which is considered a PCRA petition, was proper under the PCRA.

Appellant has also filed with this Court an application to file an appeal *nunc pro tunc*. This request must be treated as a PCRA petition and analyzed under the strictures of the PCRA. *Commonwealth v. Fairiror*, 809 A.2d 396 (Pa.Super. 2002). Since Appellant is not eligible for PCRA relief, this request also must be denied.

Application for Permission to Appeal *Nunc Pro Tunc* denied. Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2014

- 2 -