J. S06038/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIE STOKES, | : | |
| | : | |
| Appellant | : | No. 1335 EDA 2014 |

Appeal from the PCRA Order November 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0606661-1984

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED FEBRUARY 06, 2015**

Appellant, Willie Stokes, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, denying his fifth Post Conviction Relief Act[1] ("PCRA") petition for untimelness. Appellant contends: (1) the PCRA court erred in dismissing his *habeas corpus* petition as an untimely PCRA petition; and (2) the Commonwealth permitted known false testimony to remain on the record.[2] We affirm.

The PCRA court summarized the facts and procedural history of this case:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] The Commonwealth did not file a brief.

In August 1984, [Appellant] elected to exercise his right to a jury trial and pled not guilty to all charges . . . . On August 21, 1984, the jury found [him] guilty of Murder in the First Degree and Possession of an Instrument of Crime (PIC). The [court] sentenced [him] to the mandatory term of Life imprisonment on the murder charge and 2.5-5 years of incarceration on the PIC charge, to run concurrently. [Appellant] subsequently filed a notice of appeal to the Superior Court of Pennsylvania and the Court affirmed his convictions and judgment of sentence on March 31, 1986.[3 Appellant] filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which the Court denied on April 1, 1987.

In April 1987, [Appellant] filed his first PCRA petition, which was dismissed by the PCRA court. [Appellant] subsequently appealed the dismissal to the Superior Court of Pennsylvania and the Court affirmed the dismissal on August 22, 1991.

On October 30, 1995, [Appellant] filed a second PCRA petition, which was dismissed by the PCRA court. [He] subsequently appealed the dismissal to the Superior Court of Pennsylvania and the Court affirmed the dismissal on December 26, 1996. [Appellant] filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which the Court denied on July 2, 1997.

In September 1998, [Appellant] filed a Petition for a Writ of *Habeas Corpus* in the United States District Court, which the Court denied in May 1999. [Appellant] appealed to the United States Court of Appeals for the Third Circuit and the Court affirmed the denial of the Petition for a Writ of *Habeas Corpus* in April 2001. [Appellant] filed a Petition for Writ of *Certiorari* in the Supreme Court of the United States, which the Court denied in October 2001.

In November 2002, [Appellant] filed a third PCRA petition, which was dismissed by the PCRA court in May 2003.

---

[3] ***Commonwealth v. Stokes***, 1202 PHL 1985 (unpublished memorandum) (Pa. Super. Mar. 31, 1986).

In January 2005, [Appellant] filed a fourth PCRA petition and PCRA counsel was appointed. The PCRA court dismissed the petition on December 12, 2005. On January 20, 2006, [Appellant] appealed the dismissal to the Superior Court of Pennsylvania and the Court affirmed the dismissal on October 30, 2008. [Appellant] filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on January 16, 2009, which the Court denied on June 1, 2009.

On November 17, 2010, [Appellant] filed the instant PCRA petition, in the form of a Petition for Writ of *Habeas Corpus*. [Appellant] also filed a Petition for Writ of Mandamus and/or Extraordinary Relief in the Supreme Court of Pennsylvania. On January 25, 2012, the Supreme Court of Pennsylvania denied [Appellant's] petition requesting extraordinary relief, but granted his petition requesting mandamus relief and directed the Court of Common Pleas to dispose of the Petition for Writ of *Habeas Corpus*. [Appellant] filed an Amended Petition for Writ of *Habeas Corpus* on March 12, 2012 and on February 20 2013, PCRA counsel was appointed. On July 22, 2013, counsel filed a [***Commonwealth v.***] ***Finley*** [550 A.2d 213 (Pa. Super. 1988)] Letter. The matter was first listed before this court for decision on September 16, 2013. On September 17, 2013, following a review of the record, this court sent [Appellant] a 907 Notice, pursuant to Pa.R.Crim.P. 907(1). This court received a response to the 907 Notice on September 27, 2013. **On November 15, 2013 this court dismissed the PCRA petition** [and granted counsel permission to withdraw].

On January 16, 2014, [Appellant] filed an Application to File an Appeal *Nunc Pro Tunc*, which this court granted on April 17, 2014 because [he] **had not received the November 15, 2013 Order formally dismissing his PCRA petition**. On April 28, 2014, this court received [Appellant's] Notice of Appeal and, in response, has submitted the instant Opinion.

Trial Ct. Op., 6/18/14, at 1-3 (footnotes omitted) (emphases added).

Appellant raises the following issues for our review:

> 1. Whether the Court of Common Pleas was in err [sic] for dismissing Appellant's *Habeas Corpus* as untimely and as a PCRA[?]
>
> 2. Did the Commonwealth's prosecuting Attorney err and commit reversible error, when he permitted known false testimony to remain on the records uncorrected[?]

Appellant's Brief at 3.

As a prefatory matter, we consider whether the PCRA court erred in considering Appellant's *Habeas Corpus* petition as a PCRA petition.

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542 . . . . Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. . . . Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (some citations omitted).

Before examining the merits of Appellant's claims, we also consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. On appellate review of a PCRA ruling, "we determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008).

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of [an a]ppellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the

petition alleges and the petitioner proves one or more of the following statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) **the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence**; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, **a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented.** 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Id.* at 719-20 (emphases added) (some citations omitted).

This Court has stated:

To obtain relief based upon newly-discovered evidence under the PCRA, a petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

***Commonwealth v. D'Amato***, 856 A.2d 806, 823 (Pa. 2004).

Appellant's judgment of sentence became final on June 1, 1987, thirty days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); Sup. Ct. R. 20.1 (repealed June 30, 1990).[4]  Appellant thus generally had until June 1, 1988 to file his PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1) (providing PCRA petition, including second and subsequent petitions, must be filed within one year of date judgment becomes final).  Appellant filed his fifth PCRA petition, in the form of a Petition for Writ of *Habeas Corpus*, on November 17, 2010. Therefore, it is patently untimely.

Appellant avers that he is raising a claim of fraud upon the court based upon the October 19, 2005 affidavit of Commonwealth witness Frank Lee. Appellant's Brief at 9.  He contends this issue was not previously litigated or waived. ***Id.***  He claims "the information upon which this Petition rests was

---

[4] We note that Appellant's sentence became final before the effective date of the amendments to the PCRA, January 16, 1996.  "The 1995 amendments to the PCRA also provide that if the judgment of sentence became final before the effective date of the amendments (*i.e.*, January 16, 1996), a PCRA petition could be filed within one year, or by January 16, 1997.  This grace period does not apply to second or subsequent petitions, regardless of when the first petition was filed." ***Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002).

**not previously known or discoverable with reasonable diligence**. Consequently, to the extent that [he] properly raised the claim of fraud upon the Court relying on Mr. Lee's Affidavit were not previously litigated, [he] was entitled to review of the claims." **Id.** (emphasis added). Appellant contends the PCRA court erred in failing to conduct an evidentiary hearing on alleged **newly discovered evidence based upon Lee's affidavit**. **Id.** at 10. Appellant avers he "acted with sufficient diligence in discovering Lee's perjury. [He] had no proof of Lee's perjury until he received Lee's Affidavit on 10/19/05." **Id.** at 11 (emphasis added).

A prior panel of this Court, affirming the PCRA court's dismissal of Appellant's fourth PCRA petition, stated: "Appellant presents an affidavit from Lee dated October 19, 2005, in which Lee states that his testimony was false[.]" **Commonwealth v. Stokes**, 272 EDA 2006 (unpublished memorandum at 9) (Pa. Super. Oct. 30, 2008). The PCRA court opined Appellant "has not proven that his claim, relating to after-discovered evidence of the conviction being procured by fraud, warranted relief under any of the enumerated exceptions to the one year filing requirement. Moreover, even if his claim did satisfy one of the timeliness exceptions, his claim has already been litigated in a previous PCRA proceeding and is, therefore, waived for purposes of the instant proceeding." PCRA Ct. Op. at 5. The PCRA court found no relief was due. We agree. **See Marshall**, 947 A.2d at 719-20; **D'Amato**, 856 A.2d at 823.

Appellant did not plead and prove any exception to the PCRA's timeliness requirement. *See Marshall*, 947 A.2d at 719-20. Thus, the PCRA court did not err in dismissing his PCRA petition as untimely. *See id.* at 719.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015