J-S10041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL COLON | |
| Appellant | No. 2098 EDA 2014 |

Appeal from the PCRA Order June 25, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002033-2004;
CP-15-CR-0004401-2004

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED MARCH 04, 2015**

Appellant, Angel Colon, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, dismissing as untimely his serial petition filed per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On September 12, 2005, Appellant pled guilty to possession with intent to deliver ("PWID"), two counts of delivery of a controlled substance, and corrupt organizations.  The court sentenced Appellant on April 7, 2006, to an aggregate term of twenty to fifty years' imprisonment. This Court affirmed the judgment of sentence on May 14, 2007, and our Supreme Court denied allowance of appeal on November 6, 2008.  **See Commonwealth v. Colon**, 929 A.2d 236 (Pa.Super. 2007), *appeal denied*, 599 Pa. 698, 961 A.2d 858 (2008).  Appellant filed his first PCRA petition *pro*

_____

*Retired Senior Judge assigned to the Superior Court.

*se* on August 3, 2009. The PCRA court appointed counsel, who filed a **Turner**/**Finley** "no merit" letter and petition to withdraw. The PCRA court issued Rule 907 notice on November 13, 2009, and Appellant filed a *pro se* response. On December 17, 2009, the PCRA court granted counsel's petition to withdraw, and denied Appellant's petition, which this Court affirmed. **See Commonwealth v. Colon**, 13 A.3d 979 (Pa.Super. 2010). Appellant filed the current PCRA petition *pro se* on April 16, 2013. The PCRA court issued Rule 907 notice on November 26, 2013, to which Appellant responded *pro se* on December 17, 2013. The PCRA court subsequently denied Appellant's petition on June 25, 2014. Appellant timely filed *pro se* a notice of appeal and voluntary Rule 1925(b) statement on July 21, 2014.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy." **Id.** at 359, 956 A.2d at 983. Under the amended PCRA, effective 1/16/96, a PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Instantly, Appellant filed his current PCRA petition on April 16, 2013,

more than four years after his judgment of sentence became final on February 4, 2009. Further, the one-year grace period provided in the amended PCRA "does not apply to second or subsequent petitions, regardless of when the first petition was filed." ***Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa.Super. 2002), *appeal denied*, 573 Pa. 703, 827 A.2d 429 (2003). Additionally, Appellant's current PCRA petition fails to plead and prove any cognizable exception to the statutory timeliness requirements. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (providing three exceptions to one-year time limit under PCRA). Accordingly, the court properly dismissed the petition as untimely.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/4/2015</u>