J-S88021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL BARONI | |
| Appellant | No. 3480 EDA 2015 |

Appeal from the PCRA Order November 5, 2015
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000845-1982

BEFORE:  OLSON, J., RANSOM, J., and STRASSBURGER, J.

JUDGMENT ORDER BY RANSOM, J.:　　　　**FILED JANUARY 23, 2017**

Appellant, Michael Baroni, *pro se* appeals from the November 5, 2015 order dismissing, as untimely, his serial petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In January 1982, Appellant confessed to authorities that he set fire to an inhabited apartment building.  A three-month-old girl and her four-year-old sister died as the result of the fire.  In October 1982, following a jury trial, Appellant was found guilty of two counts of second degree murder, arson, and related offenses.[1]  In April 1983, Appellant was sentenced to two, concurrent terms of life imprisonment to be followed by consecutive terms in prison for the remaining offenses.

_____

[1] 18 Pa.C.S. § 2502(c), and 3301(a)(1), respectively.

- 1 -

On October 15, 2015, Appellant *pro se* filed the instant petition asserting that the criminal informations relating to the second degree murders were defective and the trial court lacked jurisdiction to impose his sentence.[2] Though styled as a petition for habeas corpus relief, the instant petition essentially claims that Appellant's sentence is illegal. Appellant's Brief at 10-14. Therefore, his claim is subsumed into the PCRA. 42 Pa.C.S. § 9543(a)(2).

"Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999) (internal citations omitted). The timeliness of Appellant's petition implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **Id**. There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[2] This is Appellant's seventh petition. All of Appellant's previous petitions were dismissed as meritless or untimely including Appellant's September 2014 petition, which this Court treated as a habeas corpus petition. **See Commonwealth v. Baroni**, 125 A.3d 459 (Pa. Super. 2015) (table).

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

Appellant's petition is untimely, and he has failed to argue or establish an exception to the timeliness requirements of the PCRA.[3] Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims, and properly dismissed his petition. *See Ragan*, 932 A.2d at 1170.

_____

[3] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on November 4, 1991, ninety days after our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Baroni*, 596 A.2d 153 (1991) (table); 42 Pa.C.S. § 9545(b)(3). *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (recognizing that the one year grace period outlined in the 1995 amendments to the PCRA (i.e., January 16, 1996) does not apply to second or subsequent petitions, regardless of when the first petition was filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2017