J-S01016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRY L. COLEMAN | : | |
| | : | |
| Appellant | : | No. 1568 MDA 2018 |

Appeal from the Judgment of Sentence Entered December 8, 2016
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005318-2015

BEFORE:  PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 04, 2019**

Terry L. Coleman (Appellant) purports to appeal *nunc pro tunc* from the judgment of sentence imposed after a jury convicted him of conspiracy to commit possession with intent to deliver a controlled substance[1] (PWID) and criminal use of a communication facility.[2]  Upon careful review, we have determined that Appellant's motion to reinstate his direct appeal rights should have been treated as a petition under the Post Conviction Relief Act.[3]  We vacate the order granting that motion and remand for the trial court to appoint

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903; 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 7512(a).

[3] 42 Pa.C.S.A. §§ 9541-9546.

new counsel.

On October 7, 2015, the trial court appointed Michael Palermo, Esq., to represent Appellant; Attorney Palermo has been counsel of record throughout this case. On December 8, 2016, a jury convicted Appellant of conspiracy to commit PWID and criminal use of a communication facility. That same day, the trial court imposed concurrent sentences of 40 to 120 months of imprisonment, and 36 to 72 months of imprisonment, respectively. Appellant filed a timely appeal on January 5, 2017. Thereafter, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant did not comply, but on February 8, 2017, Attorney Palermo filed a successful motion for leave to file a Rule 1925(b) statement *nunc pro tunc*,[4] and ultimately a timely statement. The trial court issued an opinion on March 9, 2017.

On May 19, 2017, however, this Court dismissed Appellant's appeal for failure to file an appellate brief. Our *per curiam* order noted that this Court had ordered Attorney Palermo to file a brief; directed Attorney Palermo to file a certification in our Court within 10 days stating that Appellant was notified of our order; and directed the trial court to withhold counsel fees pertaining to the appeal. ***Commonwealth v. Coleman***, 133 MDA 2017 (*per curiam* order) (Pa. Super. May 19, 2017). This Court mailed a copy of the *per curiam*

---

[4] The motion for leave to file a Rule 1925(b) statement *nunc pro tunc* did not explain why Attorney Palermo did not timely comply with the Rule 1925(b) order.

- 2 -

order to Attorney Palermo that same day. No certification by Attorney Palermo — that he notified Appellant of this Court's order — was filed.

More than 14 months later, on July 30, 2018, Attorney Palermo filed a "Motion for Leave to Restore Appellate Rights *Nunc Pro Tunc*." The motion did not refer to the PCRA or the PCRA's timeliness requirements, nor did the motion explain why no appellate brief was filed in the direct appeal at 133 MDA 2017. Nevertheless, Attorney Palermo averred, "For all intents and purposes, Terry Coleman [Appellant] was without counsel during a critical stage in the proceedings as a Brief was not filed on his behalf resulting in prejudice." Appellant's Motion for Leave to Restore Appellate Rights *Nunc Pro Tunc*, 7/30/18, at 2. In any event, the Commonwealth did not object to Appellant's motion, and the trial court granted the motion on August 13, 2018. Appellant thus filed a second notice of appeal on August 31, 2018. Although the Superior Court briefing schedule mailed to Attorney Palermo advised that Appellant's brief must be filed by November 13, 2018, the brief was filed late, on November 30, 2018.[5]

Preliminarily, we recognize that "a petitioner has no right to a *nunc pro tunc* appeal outside the PCRA to restore direct appeal rights lost due to ineffectiveness of counsel," and "the PCRA provides the sole means for

---

[5] The brief presents two issues challenging the sufficiency of Appellant's PWID and criminal use of a communication facility convictions. **See** Appellant's Brief at 6.

restoration of direct appeal rights." ***Commonwealth v. Fairiror***, 809 A.2d 396, 397 (Pa. Super. 2002) (citations omitted). Accordingly, "all requests for reinstatement of appellate rights . . . must meet the timeliness requirements of the PCRA." ***Id.*** (citation omitted). "Section 9545(b)(1) of the PCRA requires that any PCRA petition . . . must be filed within one year of the date the judgment becomes final." ***Id.*** (citing 42 Pa.C.S.A. § 9545(b)(1)). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A "PCRA court may[, however,] entertain the merits of an untimely petition if the petitioner can plead one of the exceptions to the one-year filing deadline provided in 42 Pa.C.S.A. § 9545(b)(1)." ***Fairiror***, 809 A.2d at 398. A "PCRA court has no jurisdiction to hear an untimely petition." ***Id.*** This Court may *sua sponte* address the timeliness of a PCRA petition because "a question of timeliness implicates the jurisdiction of our Court." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

Additionally, we note that "an unrepresented petitioner who is indigent has a right to court-appointed counsel to represent him on his first PCRA petition. 'The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel.'" ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1262 (Pa. Super. 2001) (citations omitted). Generally, an attorney cannot raise a claim of his own ineffectiveness. ***Commonwealth v. Lesko***,

15 A.3d 345, 360 (Pa. 2011).

Consistent with the foregoing authority, Appellant's July 30, 2018 motion to restore his direct appeal rights *nunc pro tunc* falls under the purview of the PCRA. **See Fairiror**, 809 A.2d at 397. We note that it appears that the motion was facially untimely under the PCRA. As stated above, this Court dismissed Appellant's appeal on May 19, 2017. Appellant then had 14 days to seek reconsideration and 30 days to seek reinstatement of his appeal, but he did not pursue either form of relief. **See** 42 Pa.C.S.A. § 5505 ("[A] court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . ."); Pa.R.A.P. 2542 (application for reargument shall be filed within 14 days after entry of the order involved). Accordingly, for purposes of the PCRA, Appellant's judgment of sentence became final 30 days after the dismissal of his appeal, on Monday, June 19, 2017.[6] **See** 42 Pa.C.S.A. § 9545(b)(3). Appellant then had one year, until June 19, 2018, to file a PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant's motion, however, was not filed until approximately 40 days later, on July 30, 2018, and it did not plead any of the PCRA timeliness exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); **Fairiror**, 809 A.2d at 398.

_____

[6] The 30th day fell on Sunday, June 18, 2017, and thus Appellant's judgment of sentence became final the following day, Monday, June 19, 2017. **See** 1 Pa.C.S.A. § 1908 (when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation).

Nevertheless, the trial court should have construed Appellant's motion to reinstate his direct appeal rights as a first petition under the PCRA. **See Kutnyak**, 781 A.2d at 1262. Furthermore, as Attorney Palermo acknowledged that his own failure to file an appellate brief at 133 MDA 2017 caused Appellant to be "without counsel" and caused prejudice, the trial court should have appointed another attorney to represent Appellant. **See Lesko**, 15 A.3d at 360. We thus vacate the trial court's August 13, 2018 order granting Appellant's motion to reinstate his direct appeal rights. We remand for the trial court to appoint new counsel to represent Appellant. If Attorney Palermo's representation in this appeal was by appointment, we further direct the trial court to withhold counsel fees pertaining to this appeal.[7]

_____

[7] Recently, in an unrelated criminal appeal in which Attorney Palermo failed to file a timely brief on behalf of his client, this Court noted Attorney Palermo's:

> history of late filings and dismissals for failure to file a brief in the following appeals:
>
> No. 208 MDA 2015 (four extensions granted; brief filed late); No. 324 MDA 2015 (five extensions granted; appeal dismissed for failure to file brief; appeal subsequently reinstated and brief accepted as untimely); No. 940 MDA 2015 (two extensions granted; appeal dismissed for failure to file brief; appeal subsequently reinstated and brief accepted as untimely); No. 2038 MDA 2015 (one extension granted; appeal dismissed for failure to file brief; appeal subsequently reinstated and brief accepted as untimely); No. 213 MDA 2016 (brief filed late); No. 1464 MDA 2016 (appeal dismissed for failure to comply with two trial court orders directing filing of Pa.R.A.P. 1925(b) statement); No. 133 MDA 2017 (appeal dismissed for failure to file brief); No. 851 MDA 2017 (two extensions granted; appeal dismissed for

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/04/2019

---

failure to file brief; appeal subsequently reinstated and brief accepted as untimely).

***Commonwealth v. Smith***, 1172 MDA 2018 (*per curiam* order at 1-2 n. 1) (Pa. Super. Jan. 11, 2018).