J-S21017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KASHONDA D. POWELL | : | |
| Appellant | : | No. 2030 EDA 2023 |

Appeal from the PCRA Order Entered July 12, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003402-2018

BEFORE: LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 10, 2024**

Appellant Kashonda Powell appeals from the order dismissing her second Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that the PCRA court erred in dismissing her first and second PCRA petitions. We affirm.

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

> On May 18, 2018[,] following a "fender bender" near the Sunoco located at the intersection of 22d Street and Edgmont Ave., [in] Delaware County. [A]ppellant[,] using a blunt object[,] smashed the driver window of [the victim's] car. . . . As [the victim] began to drive away, Appellant shot her in the face. As a result, Appellant immediately was arrested and charged with several violations of the Crimes Code, including attempted murder, aggravated assault, and related crimes.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

> On June 16, 2018[,] following [a] preliminary hearing, the charges were held for court. On July 2, 2019[,] Appellant entered an open guilty plea to criminal attempt murder of the first degree, aggravated assault, recklessly endangering another person, and possessing an instrument of crime;[2] during the guilty plea hearing, this court and plea counsel conducted on the record a full colloquy to confirm Appellant understood the decision to enter the plea; as a result of the colloquy this court determined Appellant's plea was entered knowingly, voluntarily, and intelligently.

PCRA Ct. Op. 10/5/23, at 1-2.

On September 25, 2019, the trial court sentenced Appellant to an aggregate term of eighty-four to 180 months' incarceration, followed by five years' probation. Appellant did not file timely post-sentence motions nor a direct appeal. Accordingly, Appellant's judgment of sentence became final thirty days later on October 25, 2019. *See* 42 Pa.C.S. § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken).

On September 18, 2020, Appellant filed a timely and counseled first PCRA petition. Ultimately, after the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing, the PCRA court dismissed Appellant's first PCRA petition on August 9, 2022. Appellant did not file an appeal.

_____

2 18 Pa.C.S. §§ 901(a), 2702(a)(1), 2705, and 907(a), respectively.

On April 11, 2023, Appellant filed a motion to reinstate appellate rights, which the PCRA court properly treated as an untimely second PCRA petition. *See* PCRA Ct. Op., 10/5/23, at 4-6; *see also Commonwealth v. Lantzy*, 736 A.2d 564, 568 n.3 (Pa. 1999) (stating that the proper vehicle for seeking the reinstatement of appellate rights is the PCRA). On July 12, 2023, the PCRA court dismissed Appellant's second PCRA petition as untimely. *See* PCRA Ct. Op., 10/5/23, at 8.

Appellant subsequently filed a timely notice of appeal. Both the PCRA court and Appellant complied with Pa.R.A.P 1925.

On Appeal, Appellant raises the following issues:

1. Did the [PCRA] court err[] in dismissing the Appellant's PCRA petition where Appellant alleged that the guilty plea which she entered into on July 2, 2019, was not knowing, voluntary, and intelligent?

2. Did the [PCRA] court err[] in denying the Appellant's [first] PCRA petition without an evidentiary hearing?

3. Did the [PCRA] court abuse its discretion in denying Appellant's motion to reinstate appeal?

Appellant's Brief at 3 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> Our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019)

(citations omitted and formatting altered). Moreover,

> [t]he timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019)

(formatting altered); ***see also*** 42 Pa.C.S. § 9545(b)(1), (3).

It is well settled that "no court has jurisdiction to hear an untimely PCRA petition." ***Ballance***, 203 A.3d at 1031. Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Following our review of the record, we conclude that the PCRA court correctly treated Appellant's April 11, 2023 motion to reinstate her appeal rights as an untimely second PCRA petition. *See* PCRA Ct. Op., 10/5/23, at 4-6; ***Lantzy***, 736 A.2d at 568 n.3 (Pa. 1999) (stating that the proper vehicle for seeking the reinstatement of appellate rights is the PCRA); ***Commonwealth v. Fairiror***, 809 A.2d 396, 397 (Pa. Super. 2002) (explaining that a petition seeking the restoration of PCRA appellate rights *nunc pro tunc* must be treated as a subsequent PCRA petition).

As noted previously, Appellant's judgment of sentence became final on October 25, 2019. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, under the PCRA, Appellant had one year, or until October 25, 2020, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Appellant's April 11, 2023 PCRA petition was therefore facially untimely.

_____

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

Additionally, it is well settled that "[a]ll requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA." *Fairiror*, 809 A.2d at 397; *see also Lantzy*, 736 A.2d at 570. A court may consider a facially untimely PCRA petition only if the petitioner pleads and proves one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Here, Appellant did not raise any of the exceptions in her PCRA petition. Therefore, we agree with the PCRA court that Appellant's second PCRA petition was untimely, and that, therefore, the PCRA court did not have jurisdiction to consider Appellant's second PCRA petition. *See* PCRA Ct. Op., 10/5/23, at 8; *see also Ballance*, 203 A.3d at 1031. For these reasons, we affirm the order dismissing Appellant's untimely second PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/10/2024

- 6 -