J-S48017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL BARONI | : | |
| | : | |
| Appellant | : | No. 1863 EDA 2024 |

Appeal from the PCRA Order Entered May 7, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000845-1982

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 22, 2025**

Appellant Michael Baroni appeals *pro se* from the order dismissing his serial Post Conviction Relief Act[1] (PCRA) petition as untimely. On appeal, Appellant argues that the PCRA court abused its discretion by dismissing his PCRA petition seeking relief in the interest of justice. We affirm.

The underlying facts and procedural history of this matter are well known to the parties. *See Commonwealth v. Baroni*, 3593 EDA 2018, 2019 WL 2323819, at *1 (Pa. Super. filed May 31, 2019) (unpublished mem.). Briefly, on October 6, 1982, a jury convicted Appellant of two counts of second-degree murder and related offenses involving the deaths of two young children.[2] On April 7, 1983, the trial court imposed an aggregate sentence of

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(b).

life imprisonment without the possibility of parole. This Court affirmed Appellant's judgment of sentence on March 22, 1985, and on October 4, 1985, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Baroni*, 1233 Philadelphia 1983 (Pa. Super. filed Mar. 22, 1985) (unpublished mem.), *appeal denied*, 417 E.D. Allocatur Docket 1985 (Pa. filed Oct. 4, 1985). Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States. Appellant subsequently filed several PCRA petitions, all of which were ultimately unsuccessful.

On February 28, 2024, Appellant filed the instant *pro se* PCRA petition.[3] The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition on March 13, 2024. After Appellant filed a response, the PCRA court issued an order denying Appellant's petition.

Appellant filed a timely notice of appeal. The PCRA court issued a Rule 1925(a) opinion concluding that Appellant's petition was untimely.

On appeal, Appellant raises the following issue for review:

---

[3] We note that Appellant styled his petition as a response a Pa.R.Crim.P. 907 notice that the PCRA entered in a prior PCRA matter which was ultimately dismissed in 2023. However, because the prior PCRA case was no longer pending, the PCRA court properly treated Appellant's filing as a separate PCRA petition. *See, e.g., Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012) reiterating that "[m]isdesignation does not preclude a court from deducing the proper nature of a pleading" and concluding that regardless of how a petitioner labels a PCRA filing, the PCRA court may treat a subsequent filing as a separate PCRA petition).

> Whether the [PCRA] court erred and abused its discretion in dismissing Appellant's [PCRA petition] seeking relief in the interest of justice?

Appellant's Brief at 3.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d

1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011)

Here, Appellant's judgment of sentence became final on December 3, 1985, the date on which the time to file a petition for a writ of *certiorari* with the Supreme Court of the United States expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); U.S. Sup. Ct. R. 20.1 (effective August 1, 1984; allowing 60 days to file petition for writ of *certiorari*), *repealed and replaced by* U.S. Sup. Ct. R. 13.1 (effective Jan. 1, 1990). Appellant's instant PCRA petition, filed on August 3, 2022, is facially untimely.[4] Further, as noted previously, Appellant did not plead and prove an exception to the PCRA time bar in his *pro se* petition. *Cf. Albrecht*, 994 A.2d at 1094. Because Appellant's petition is facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA, he has failed to meet the jurisdictional threshold for a court to consider the merits of his claim and no relief is due. *See Jackson*, 30 A.3d at 519; *see also Brown*, 111 A.3d at 175. For these

---

[4] We note that due to amendments to the PCRA enacted in 1995, petitioners had until January 16, 1997, to timely file a first PCRA petition. *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002). However, that deadline did not apply to second or subsequent PCRA petitions, regardless of when the first petition was filed. *Id.* Here, because Appellant filed his first petition for state collateral relief under the former Post Conviction Hearing Act on August 21, 1987, he was not entitled to the grace period discussed in *Fairiror*. *See id.*

reasons, the PCRA court correctly concluded that it did not have jurisdiction to review the merits of Appellant's petition. *See Sandusky*, 203 A.3d at 1043. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/22/2025