J-S40038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LEE RICHTER, | : | |
| | : | |
| Appellant | : | Nos. 299, 302, 303 WDA 2015 |

Appeal from the PCRA Order Entered October 23, 2013
in the Court of Common Pleas of Fayette County
Criminal Division at Nos.: CP-26-CR-0000466-2010,
CP-26-CR-0000467-2010, CP-26-0000549-2010

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 12, 2015**

Michael Lee Richter (Appellant) appeals from the order entered October 23, 2013, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we quash the appeal.

On September 10, 2010, a jury convicted Appellant of two counts of theft by unlawful taking, three counts of receiving stolen property, and three counts of criminal conspiracy to commit theft by unlawful taking. On September 21, 2010, the trial court sentenced Appellant to serve an aggregate term of four and one-half to nine years of imprisonment. Appellant timely filed a direct appeal to this Court, which affirmed Appellant's judgment of sentence on December 20, 2011.  ***Commonwealth v. Richter***, 40 A.3d 198-99 (Pa. Super. 2011) (unpublished memorandum).

* Retired Senior Judge assigned to the Superior Court.

Appellant did not seek allowance of appeal with our Supreme Court.

On October 31, 2012, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed Dianne Zerega, Esquire to represent Appellant. Attorney Zerega subsequently filed an amended PCRA petition, which, following a hearing, was denied by the PCRA court on October 23, 2013. Appellant did not file a notice of appeal to this Court within thirty days of the entry of that order.

On July 21, 2014, Appellant filed a second *pro se* PCRA petition. New counsel—James Natale, Esquire—was then appointed by the PCRA court. Appellant, through Attorney Natale, filed an amended PCRA petition, essentially alleging that his previous PCRA counsel, Attorney Zerega, was *per se* ineffective. Specifically, the amended petition states: "Attorney Zerega failed to notify [Appellant] that his first PCRA Petition had been denied within the thirty (30) day period for an appeal, and as a result [Appellant] did not have an opportunity to appeal the Court's [October 23, 2013] decision." Amended PCRA Petition, 11/24/2014, at 2 (pages unnumbered). Appellant requested that he be permitted to appeal the October 23, 2013 order.

On February 9, 2015, following a hearing on the second PCRA petition, the PCRA court granted Appellant leave *nunc pro tunc* to appeal the October 23, 2013 order. On February 20, 2015, Appellant filed a notice of appeal to this Court.

On appeal, Appellant presents the following questions for our consideration:

1. Whether the PCRA court erred by not finding trial counsel Jeremy Davis, Esq., ineffective for failing to object to the admission of a co-defendant's, Courtney Beth Kuhn's, statement when said co-defendant was not called as a witness at trial?

2. Whether the PCRA court erred by not finding that the prosecutor, Michelle L. Kelley, Esq., committed prosecutorial misconduct when she intentionally introduced evidence as to the content of the co-defendant's, Courtney Beth Kuhn's, statement and elicited information from … [Trooper] Marchewka knowing that the co-defendant would not testify at trial?

3. Whether the PCRA court erred by not finding trial counsel Jeremy Davis, Esq., ineffective for failing to file a motion to suppress the introduction of the shoe prints?

4. Whether the trial court erred by not finding trial counsel, Jeremy Davis, Esq., ineffective for failing to inspect the evidence regarding the pictures of the shoe prints and his shoes, within sufficient time to form a defense?

Appellant's Brief at 3.

Before we address Appellant's issues, we must first determine whether the PCRA court had jurisdiction to entertain the merits of Appellant's second PCRA petition. The PCRA court denied Appellant's first PCRA petition on October 23, 2013. In order to appeal that order in a timely fashion, Appellant had to file a notice of appeal within 30 days of the entry of the order. Pa.R.A.P. 903(a). Appellant failed to do so.

However, as we noted above, on July 21, 2014, Appellant *pro se* filed a second PCRA petition, claiming that Attorney Zerega was ineffective and

seeking leave to appeal the October 23, 2013 order *nunc pro tunc*. **See Commonwealth v. Fairiror**, 809 A.2d 396, 397 (Pa. Super. 2002) ("[Fairiror's] January 8, 2001 petition for reinstatement of PCRA appellate rights *nunc pro tunc* must be considered a second [] PCRA petition."). The question then becomes whether Appellant timely filed the petition to reinstate his right to appeal the order denying his first PCRA petition. **See id.** ("Although [**Commonwealth v. Hall**, 771 A.2d 1232 (Pa. 2001)] and [**Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999),] dealt with the restoration of direct appeal rights, these cases teach that all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA.").

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)).

Instantly, Appellant was sentenced on September 21, 2010. This Court affirmed the judgment of sentence on December 20, 2011; thus, because Appellant did not seek allowance of appeal, the judgment became final thirty days later, on January 19, 2012. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Accordingly, Appellant had until January 19, 2013, to file timely a PCRA petition. Appellant filed his second PCRA petition on July 21, 2014. Thus, his petition is patently untimely, and he had the burden of pleading and proving one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant's second PCRA petition did not allege any of the statutory exceptions to the PCRA's one year time bar. Appellant, therefore, untimely filed his second PCRA petition, and the PCRA court was without jurisdiction to restore Appellant's PCRA appeal rights *nunc pro tunc*, rendering his notice of appeal untimely-filed. Accordingly, we conclude that we are without jurisdiction, and we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2015