J-S75008-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM M. DANIELS | : | |
| Appellant | : | No. 170 WDA 2017 |

Appeal from the PCRA Order January 3, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0016251-1995

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM MONTROSE DANIELS | : | |
| Appellant | : | No. 171 WDA 2017 |

Appeal from the PCRA Order January 3, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002083-1997

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM MONTROSE DANIELS | : | |
| Appellant | : | No. 172 WDA 2017 |

Appeal from the PCRA Order January 3, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002235-1996,
CP-02-CR-02083-1997, CP-02-CR-02235-1996

J-S75008-17

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED JANUARY 12, 2018

In this consolidated appeal,[1] Appellant, William Montrose Daniels, appeals from three separate orders denying petitions filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

This matter involves the September 20, 1994 shooting death of Ronald Hawkins, a jitney driver, in Pittsburgh's Northside area. PCRA Court Opinion, 5/10/17, at 1-3.

> The facts are summarized as follows. As [Appellant] was standing with his companions in the Northside of Pittsburgh, someone rode up the street on his bicycle shouting "The OGs is coming up in a gray car". (Trial Transcript, hereinafter "TT") at 127,171). [Appellant] retrieved his gun and two of his companions (Dale and Thornton) also drew guns. (TT 128,172-173). The three men ran toward a dark gray Buick that was driven by the victim, who yelled that he was just a jitney driver. (TT 129-130, 173-174). [Appellant] and the two other armed perpetrators fired their weapons into the car, killing Hawkins. The victim had been shot six times in the abdomen and four times in the arm.
>
> During the trial, Tina Banks testified for the Commonwealth, stating that the shooting was committed by perpetrators that ran on foot to the victim's car and shot the victim many times. Ms. Banks testified that she recognized [Appellant] as one of the shooters. Thomas Carr also testified for the Commonwealth, stating that he witnessed the shooting and it was committed by [Appellant], who, with two other young men, ran to the victim's car and began shooting.

_____

[1] The appeals docketed at Superior Court docket numbers 170 WDA 2017, 171 WDA 2017, and 172 WDA 2017 were consolidated sua sponte by this Court in an order filed on February 9, 2017.

- 2 -

PCRA Court Opinion, 5/10/17, at 3-4.

On September 24, 1998, a jury found [Appellant] guilty of First Degree Murder[2] [(trial court docket number CP-02-CR-0016251-1995)], Violation of the Uniform Firearms Act[3] [(trial court docket number CP-02-CR-0002083-1997)], and Criminal Conspiracy[4] [(trial court docket number CP-02-CR-0002235-1996)]. [Appellant] was acquitted on the charge of Intimidation of a Witness. On November 23, 1998, the Honorable Gerard M. Bigley imposed an aggregate sentence of life imprisonment, plus a consecutive 13½ to 27 years.

[Appellant] filed numerous appeals and PCRA petitions. On December 22, 1998, [Appellant] filed a direct appeal to the Pennsylvania Superior Court. Counsel was appointed to represent [Appellant]. Judgement was affirmed by the Pennsylvania Superior Court on November 27, 2000, and allocator was denied by the Pennsylvania Supreme Court on June 22, 2001. [Appellant] did not appeal to the United States Supreme Court.

Judgment of Sentence became final on September 20, 2001, and [Appellant] had until September 20, 2002 to file a timely PCRA petition. On July 23, 2002, [Appellant] filed his first PCRA petition, which was … timely filed. Counsel was appointed to represent [Appellant]. This Court dismissed [Appellant's] PCRA petition on July 13, 2004. The Pennsylvania Superior Court affirmed the dismissal on July 6, 2005. [Appellant] filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was granted for the consideration of one issue. On March 8, 2006, the Pennsylvania Supreme Court dismissed the issue without prejudice to [Appellant's] right to raise it in a subsequent PCRA Petition.

On October 24, 2005, [Appellant] filed a 2nd PCRA Petition. The PCRA court issued an opinion on December 7,

---

[2] 18 Pa.C.S. § 2501.

[3] 18 Pa.C.S. § 6106.

[4] 18 Pa.C.S. § 903.

- 3 -

2005, deferring review until after the disposition of the allowance of appeal with the Supreme Court.

On May 19, 2006, [Appellant] filed a counseled Supplemental PCRA Petition, which was his 3rd PCRA Petition, alleging he was entitled to relief due to the after-discovered evidence of the recantation statements of two witnesses. A counseled Amended PCRA Petition was filed. This Court held a PCRA hearing on July 15, 2008, in which one witness refused to testify and the other testified. On July 15, 2008, this Court dismissed [Appellant's] PCRA Petition. The dismissal of [Appellant's] 3rd PCRA Petition was affirmed by the Pennsylvania Superior Court on May 5, 2009, and Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court on September 30, 2009.

On or about June 5, 2006, [Appellant] filed a Petition for Writ of Habeas Corpus in the U.S. District Court for the Western District of Pennsylvania. The Petition was dismissed on November 17, 2010, and Certificate of Appealability was denied.

On July 9, 2013, [Appellant] filed his 4th PCRA Petition. Counsel was appointed and Counsel filed a Turner Finley No-Merit Letter. In response to the no-merit letter, [Appellant] retained different counsel, who petitioned to amend the PCRA Petition. The Petition to Amend was granted. On February 11, 2014, [Appellant] filed a counseled Petition for Habeas Corpus Relief. On March 7, 2014, this Court dismissed [Appellant's] 4th PCRA Petition. The dismissal was affirmed by the Pennsylvania Superior Court on January 8, 2015. Petition for Allowance of appeal was denied by the Pennsylvania Supreme Court on August 4, 2015.

[Appellant] filed the instant pro se PCRA Petition[s] on September 26, 2015, which w[ere] his 5th PCRA Petition[s]. Counsel was appointed but withdr[e]w after Timothy J. Lyon, Esquire, entered his appearance on December 4, 2015. Counsel filed … Amended PCRA Petition[s at trial court docket numbers CP-02-CR-0016251-1995, CP-02-CR-0002235-1996), and CP-02-CR-0002083-1997] on April 25, 2016. The Commonwealth filed an Answer on May 27, 2016.

PCRA Court Opinion, 5/10/17, at 1-3.[5]  Following a hearing, the PCRA court denied Appellant relief at each of the aforementioned docket numbers on January 3, 2017.  On January 23, 2017, Appellant filed separate notices of appeal at each docket number, and this Court consolidated those appeals.

On appeal, Appellant raises the following issue:

> Whether this court should reverse—or, in the alternative, vacate—the lower court's order denying [Appellant] PCRA relief where [Appellant] presented credible evidence showing both that his attempt to obtain PCRA relief was timely made and that he was entitled to such relief.

Appellant's Brief at 4 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level."  Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling

_____

[5] In an effort to clarify the procedural history, we note that Appellant filed his fifth PCRA petitions on September 26, 2015.  However, on February 24, 2016, Appellant filed a counseled PCRA petition seeking to amend the September 26, 2015 PCRA petitions ("the 2015 PCRA petitions") and to file a new PCRA petition ("the 2016 PCRA petitions").  PCRA petition, 2/24/16, at ¶ 45.  On March 15, 2016, the PCRA court granted Appellant an enlargement of time in which to file amendments to the 2015 PCRA petitions and the 2016 PCRA petitions.  The PCRA court allowed all of the amendments to be included in one document.  Order, 3/15/16 (emphasis added).  Appellant filed his final amended PCRA petition on April 25, 2016, and this petition was filed at each of the lower court docket numbers.

is free of legal error. Commonwealth v. Rykard, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa. Super. 2014).

As noted above, the PCRA petitions filed in this matter were Appellant's fifth attempt at relief under the PCRA. We further note that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Cintora, 69 A.3d 759, 762 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[6] A petition invoking one of these exceptions must be filed

_____

[6] The exceptions to the timeliness requirement are:

(Footnote Continued Next Page)

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). Commonwealth v. Carr, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reveals that Appellant's judgment of sentence became final on September 20, 2001, ninety days after the Pennsylvania Supreme Court denied the petition for allowance of appeal and time expired for Appellant to seek certiorari in the United States Supreme Court. 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct. R. 13. Appellant's PCRA petitions which underlie this appeal were filed, at the earliest, on September 26, 2015,

(Footnote Continued) ————————————

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

fourteen years after Appellant's judgment of sentence was final. Thus, Appellant's PCRA petitions were patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

As an initial matter, we note that Appellant avers that the PCRA court applied an improper standard when it reviewed Appellant's instant PCRA petition. Appellant's Brief at 33. We are constrained to agree. The PCRA court concluded that the Appellant's newly- discovered evidence claim was not credible, and it denied Appellant's PCRA petitions on that basis. PCRA Court Opinion, 5/10/17, at 7, 9, and 10. The PCRA court should have first determined if the instant PCRA petitions were timely filed pursuant to the newly-discovered-facts exception of Section 9545(b)(1)(ii).[7] Indeed, the analyses and requirements for claims concerning newly-discovered evidence and claims of newly-discovered facts are distinct:

_____

[7] See Commonwealth v. Cox, 146 A.3d 221, 227 (Pa. 2016) (stating that the timeliness requirement of the PCRA is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petition was timely filed).

the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

Commonwealth v. Burton, 158 A.3d 618, 629 (Pa. 2017) (emphases added).

However, it is well settled that our Court may affirm a decision of the PCRA court on any correct basis. See Commonwealth v. Ahlborn, 683 A.2d 632, 641 n.14 (Pa. Super. 1996) ("This Court may affirm the PCRA court's decision upon any correct basis."). With this principle in mind, we continue with our analysis.

Appellant argues that the PCRA petitions underlying the instant appeal were timely pursuant to the newly-discovered facts exception enumerated in section 9545(b)(1)(ii). Appellant's Brief at 32. Appellant avers that in late December of 2015, he learned that Ms. Tiara Horn ("Horn") and Mr. Jacques Early ("Early") witnessed the murder for which Appellant was convicted. Id. These witnesses stated that the shooting was a "drive-by" shooting and not a walk-up shooting as the Commonwealth's witnesses stated. Id. at 14, 32,

- 9 -

38. Specifically, in Early's affidavit, he alleged that he saw the shooting. PCRA Petition, 2/24/16, Exhibit 1. Early stated that the shooting was a "drive-by" shooting, Appellant was not in the car, and Early did not come forward sooner because he feared for his life. Id. Similarly, Appellant certified that if called to testify, Horn would state that she saw the shooting, the shooting was a drive-by shooting, and she did not see Appellant in either vehicle. PCRA Petition, 2/24/16, Exhibit C.

Appellant argues that he filed the relevant PCRA petitions on February 24, 2016, within sixty days of learning of this newly-discovered facts, and that these facts could not have been discovered earlier by the exercise of due diligence due to his incarceration. Id. at 32-33. Thus, Appellant concludes that he has satisfied the newly-discovered-facts exception to the PCRA time bar. Id. at 32. We disagree.

As the Commonwealth points out, these "new" facts are not new. The Commonwealth's Brief at 18. Appellant included similar testimony in his first PCRA petition in 2002. Appellant attached to his first PCRA pettion an affidavit signed by Jermale Walker. PCRA Petition, 7/23/02 (Exhibit C). The affidavit read, in relevant part, as follows:

> I, Jermale Walker, the undersigned affiant do hereby declare and depose as follows:
>
> 1. My name is Jermale Walker, my date of birth is October 3, 1974.
>
> 2. I am currently incarcerated at the State Correctional Institution at Graterford, Pennsylvania.

3. In September of 1994 I was living permanently with my mother in the Beltzohover section of the city but staying temporarily on the North Side of the city of Pittsburgh.

4. On September 3̶0̶ 20 1994, I had taken a jitney from the Manchester section of the North Side of Pittsburgh to visit a woman on Alpine Street in the Mexican War Streets on the North Side of the city of Pittsburgh.

5. As the jitney neared its destination I was preparing to pay the driver when a dark automobile pulled up on the right hand side of the jitney.

6. There were three or four occupants of the dark car and they were shouting and yelling but I was unaware of what they were saying or to whom it was directed.

7. Shortly after the shouting at least two of the occupants pulled guns and began shooting in the direction of the jitney.

8. At this point I jumped into the backseat, opened the driver's side rear door, and fled.

9. To this day I do not know who was in the car and did the shooting. IT WASN'T WILLIAM DANIEL.

10. I did not make this evidence known to the police because at the time of the shooting I was wanted by the police for an unrelated crime and knew that if I talked to the police I would be arrested.

PCRA Petition, 7/23/02 (Exhibit C, at ¶¶ 1-10).[8]

Appellant has failed to establish "that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." Burton, 158 A.3d at 629. Indeed, the "facts"

---

[8] Underscoring represents the portions of the affidavit that were handwritten.

Appellant deems as new, were available in 2002. We note that our Supreme Court has made clear that in order to satisfy the newly-discovered-facts exception set forth in section 9545(b)(1)(ii), a PCRA petitioner must allege and prove previously unknown facts and not merely a newly-discovered or newly-willing source for previously known facts. Commonwealth v. Edmiston, 65 A.3d 339, 352 (Pa. 2013). Here, as in Edmiston, Appellant relies on new sources of previously knowable facts and not on a "newly-discovered fact." Therefore, Appellant's claim does not satisfy the exception of Section 9545(b)(1)(ii).

Because Appellant's claim failed to satisfy the exception to the PCRA's jurisdictional time bar, the PCRA court was without jurisdiction to consider the merits of Appellant's petitions. See Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in Appellant's PCRA petitions. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Accordingly, we affirm the PCRA court's orders dismissing Appellant's PCRA petitions, albeit on jurisdictional grounds.

Orders affirmed.

Judge Musmanno joins the Memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2018