J-S12014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY WOODSON | : | |
| | : | No. 672 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order March 29, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002033-2007

BEFORE:  LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 23, 2018**

Larry Woodson appeals, *pro se*, from the order, entered in the Court of Common Pleas of Luzerne County, dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm based upon the opinion authored by the Honorable Tina Polachek Gartley.

On October 10, 2009, a jury found Woodson guilty of multiple drug charges stemming from an investigation into drug trafficking in Luzerne County.  Woodson was sentenced on November 19, 2009, to an aggregate term of 210 to 420 months' incarceration.  This Court affirmed his judgment of sentence on August 25, 2010 and he did not seek allowance of appeal to the Supreme Court.  Thus, Woodson's judgment of sentence became final on September 24, 2010.

Woodson subsequently filed two PCRA petitions, both of which were denied by the PCRA court, whose orders were affirmed by this Court. Woodson filed the instant petition, his third, on March 8, 2016. Following a **Grazier** hearing, Woodson was allowed to proceed *pro se*, and standby counsel was appointed. Following a hearing, the PCRA court denied relief by order dated March 29, 2017. This timely appeal follows, in which Woodson raises the following issues for our review, *verbatim*:[1]

> 1. Whether the United States Supreme Court's decision in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which [Woodson] contends is a new rule of [c]onstitutional law that require[s] the retroactive application of **Alleyne v. United States**, [570 U.S. 99] (2013), [] which is an extension of the United States Supreme Court's decision in **Apprendi v. New Jersey**, [530 U.S. 466 (2000)].
>
> 2. Whether the PCRA [c]ourt erred in denying [Woodson's] [p]ost [c]onviction [r]elief petition as "untimely" filed where [Woodson] established that his after-discovered evidence claim was within the plain language of the timeliness exception set forth in 42 Pa.C.S.A. 9545(b)(1)(ii) and [s]ection 9545(b)(2) in accordance with **Commonwealth v. Lark**, [] 746 A.2d 585 (Pa. 1999), where under [s]ection [] 9545(b)(2), a petitioner has (60) days to file a petition from the date the claim could have been presented.

Brief of Appellant, at 3 (some brackets and italicization omitted).

We begin by noting our well-settled standard of review:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the

---

[1] By order dated March 13, 2018, this Court granted Woodson's application to strike the Commonwealth's brief as untimely, pursuant to Pa.R.A.P. 2188.

prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

Additionally, courts will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong *prima facie* showing that a miscarriage of justice may have occurred. Appellant makes a *prima facie* showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations, quotation marks, and brackets omitted).

Here, the PCRA court concluded that Woodson's petition was untimely and, thus, it lacked jurisdiction to consider its merits. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280–81 (Pa. Super. 2013), quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition[2] is met, and that the claim was raised within 60 days of

_____

[2] The statutory exceptions to the time bar are as follows:

the date on which it became available.  42 Pa.C.S.A. § 9545(b) and (c).  Here, Woodson's judgment of sentence became final on or about September 24, 2010, when the time for filing a petition for allowance of appeal to our Supreme Court expired.  **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Thus, his March 2016 petition, filed almost 5½ years after his judgment of sentence became final, was patently untimely.  Unless Woodson pled and proved one of the timeliness exceptions under 42 Pa.C.S.A. § 9545(b)(1), the PCRA court was without jurisdiction to consider the merits of the petition.

In an attempt to overcome the time bar, Woodson invokes both the newly-discovered facts and newly-recognized constitutional right exceptions to the PCRA time bar.  First, Woodson asserts that the U.S. Supreme Court's decision in **Alleyne**, in which the Court held that any fact that increases the penalty for a crime must be treated as an element of the offense and found

---

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

beyond a reasonable doubt by a jury, is a new rule of constitutional law made retroactively applicable to his case by virtue of the Court's ruling in *Montgomery*. Accordingly, Woodson argues his petition is subject to the exception to the time bar set forth in section 9545(b)(1)(iii). Second, Woodson asserts that his alleged discovery in September 2016 of a photograph showing a scar on his face, taken in prison in 2006 prior to trial in this matter, is a newly-discovered fact under, section 9545(b)(1)(ii), which casts doubt on his identity as the person who sold the drugs to a confidential informant.

Upon consideration of Woodson's brief, the relevant law, and the certified record in this matter, we conclude that Judge Polachek Gartley's opinion thoroughly, comprehensively and correctly disposes of the issues Woodson raises on appeal. Specifically, we concur with the trial court's conclusions that: (1) pursuant to *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), *Alleyne* does not apply retroactively to cases pending on collateral review; and (2) the photograph taken in 2006 is not newly-discovered evidence, as Woodson was present when the photograph was taken and he could have obtained the photograph earlier with the exercise of due diligence. Moreover, Woodson's face was present at trial and the jury had an opportunity to observe his scar. Accordingly, we affirm based on the opinion of the PCRA court. The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

Order affirmed.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/23/18</u>

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

| COMMONWEALTH OF PENNSYLVANIA | : | |
|---|---|---|
| v. | : | CRIMINAL DIVISION |
| LARRY WOODSON | : | No. 2033 of 2007 |

## OPINION

Defendant appeals from the denial of his PCRA Petition on March 29, 2017.

## FACTUAL AND PROCEDURAL HISTORY:

In January 2006, the Bureau of Narcotics Investigation and Drug Control and the Luzerne County Drug Task Force conducted a joint investigation into drug trafficking in Luzerne County. In August 2006, three (3) separate buys of cocaine were completed between two (2) different task force officers and the Defendant, Larry Woodson.

Subsequent thereto, on May 7, 2007 a statewide investigating grand jury recommended that charges be brought against Defendant. As a result, on July 25, 2007 the Attorney General's Office issued an Information against Defendant, which included three (3) counts of possession of a controlled substance, three (3) counts of delivery of cocaine, and three (3) counts of conspiracy to deliver cocaine.

At the conclusion of a three (3) day jury trial before the Honorable Peter Paul Olszewski, Jr., Defendant was found guilty of all the charges on October 10, 2009. He was sentenced by Judge Olszewski, Jr., on November 19, 2009 as follows:

> Count IV-Possession With Intent to Deliver-thirty-five (35) to
> seventy (70) months;

Count V-Possession With Intent to Deliver-thirty-five (35) to seventy (70) months consecutive to Count IV;

Count VI-Possession With Intent to Deliver-thirty-five (35) to seventy (70) months consecutive to Count V;

Count VII- Conspiracy to Commit Possession With Intent to Deliver-thirty-five (35) to seventy (70) months consecutive to Count VI;

Count VIII-Conspiracy to Commit Possession With Intent to Deliver-thirty-five (35) to seventy (70) months consecutive to Count VII;

Count IX-Conspiracy to Commit Possession With Intent to Deliver-thirty-five (35) to seventy (70) months consecutive to Count VIII;

Count I, Possession of a Controlled Substance-merged with Count IV;

Count II, Possession of a Controlled Substance-merged with Count V;

Count III, Possession of a Controlled Substance-merged with Count VI.

The result was a sentence of four hundred twenty (420) months in a State Correctional Institution. The Defendant filed a motion to modify his sentence which was denied by the Court. A timely appeal was filed. On August 25, 2010, the Superior Court affirmed Defendant's Judgment of Sentence.

On June 30, 2010, Defendant filed his first a Motion for Post Conviction Collateral Relief. On December 7, 2010 and January 23, 2011, a PCRA hearing was held. On June 30, 2011, an Opinion and Order was filed denying Defendant's PCRA. On July 27, 2011, a Notice of Appeal was filed to the Superior Court. On April 11, 2013, Defendant filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania.

2

On April 25, 2013, Defendant filed a second Motion for Post Conviction Collateral Relief. On July 19, 2013, Defendant's PCCR Petition was·dismissed due to Defendant's pending *pro se* Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. On October 9, 2013, the Supreme Court of Pennsylvania denied Defendant's Petition for Allowance of Appeal. On November 4, 2013, the Superior Court affirmed the decision of the trial court denying Defendant's PCRA.

On March 8, 2016, Defendant filed a third Motion for Post Conviction Collateral Relief seeking relief as to:

> Whether a "violation of the constitution of this commonwealth or the constitution or laws of the United States", pursuant to 42 Pa. C.S.A. 9543 (a)(2)(i), "the imposition of a sentence greater than the lawful maximum", pursuant to 42 Pa. C.S.A. 9543 (a)(2)(vii), and based on the findings of the United States Supreme Court and ruled to be retroactive in <u>Montgomery v. Louisiana</u>, 138 S. Ct. 718 (2016).

On May 13, 2016, a *Grazier* hearing was held and after colloquy Defendant stated he wanted to represent himself. On July 29, 2016, Attorney Watt was appointed as stand-by counsel for Defendant. On August 2, 2016, Defendant filed a supplemental petition for leave to amend his PCRA. On September 3, 2016, Defendant filed a motion for funds and private investigator and an amended PCRA Memorandum. On September 16, 2016, Defendant filed a comprehensive brief in support of his PCRA.

On December 8, 2016, the Commonwealth filed a motion to bifurcate the PCRA and limit the scope of the first PCRA hearing to jurisdiction and the Court granted the motion.

After multiple continuances were granted, the PCRA hearing date was set for February 13, 2017. On March 29, 2017, the Court denied Defendant's PCRA without prejudice based on the Supreme Court of Pennsylvania decision, *Commonwealth v. Washington*, 142 A.3d 810, 2016 WL 3909088 (July 19, 2016). (*See* July 19, 2014 Trial Court Order). On April 10, 2017, Defendant filed a Notice of Appeal to the Superior Court.

The Court entered an Order on April 24, 2017 directing Defendant to file of record a Concise Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. 1925(b) and serve a copy of same upon the District Attorney and this Court pursuant to Pa. R.A.P. 1925(b)(1). The Order required the Statement to concisely identify each ruling or error Appellant intends to challenge with sufficient detail to identify all pertinent issues for the Court to consider. Further, the Order provided that any issue not properly included in the Concise Statement and timely filed and served within twenty-one (21) days of the date of the Order shall be deemed waived pursuant to Rule 1925(b). On May 8, 2017, Defendant filed a Concise Statement of Matters Complained of on Appeal Pursuant to Rule 1925(b). The Commonwealth did not respond to Defendant's Concise Statement of Matters Complained of on Appeal.

QUESTIONS AT ISSUE:

1. Whether the United States Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which Appellant contends is a new rule of Constitutional law that require the retroactive application of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), in which is an extension of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (U.S. N.J. 2000)?

2. Whether the PCRA Court erred in denying Appellant's post-conviction petition as "untimely" filed where Appellant

4

established that his [after-discovered evidence] claim [was] within the [plain language of the timeliness exception] set forth at 42 PA. C.S.A. (b) (1) (ii) and Section 9545 (b)(2) in accordance with *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585, (Pa. 1999), where under Section 42 Pa. C.S.A 9545 (b)(2), a petitioner has (60) days to file a petition from the date that the claim could have been presented?

(Defendant's Concise Statement of Errors Complained of on Appeal Pursuant to PA R.A.P. 1925(b).

## LAW:

1. Whether the United States Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which Appellant contends is a new rule of Constitutional law that require the retroactive application of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), in which is an extension of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (U.S. N.J. 2000)?

Defendant relies on *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) for his application for retroactive relief in order to attain the timeliness requirement of his PCRA Petition. *Comm. v. Washington*, 142 A.3d 810 (Pa. 2016) applied *Alleyne v. United States*, 570 U.S.___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) to Pennsylvania law. The Pennsylvania Supreme Court ruled in *Comm. v. Washington*, 142 A.3d 810 (Pa. 2016) on the controlling question presented as to whether the Supreme Court of the United States' decision in *Alleyne v. United States*, 570 U.S.___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), applies retroactively to attacks upon mandatory minimum sentences advanced on collateral review. The Supreme Court of the United States issued its *Alleyne* decision, overruling its prior precedent. *Alleyne* held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense,

5

submitted to a jury, rather than a judge, and found beyond a reasonable doubt. *See Alleyne,* 570 U.S. at ___, 133 S.Ct. at 2163. "The effect was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing. *See, e.g., Commonwealth v. Hopkins,* 117 A.3d 247, 262 (2015) (holding that Section 6317 of the Crimes Code, 18 Pa.C.S. § 6317—which predicates a mandatory minimum sentence upon a fact to be determined by a preponderance at sentencing—was constitutionally infirm, under *Alleyne* ). *Comm. v. Washington,* 142 A.3d 810, 811 (Pa. 2016). The Supreme Court of Pennsylvania held that *Alleyne* does not apply retroactively to cases pending on collateral review, and further that Appellant's judgment of sentence, therefore, is not illegal on account of *Alleyne. Comm. v. Washington,* 142 A.3d 810, 820 (Pa. 2016). Furthermore, the Superior Court of Pennsylvania, in *Commonwealth v. Porter,* No. 986 WDA 2015 (non-precedential), followed the *Washington* Court and noted:

> [b]ecause Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror,* 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett,* 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Additionally, the Superior Court in *Commonwealth v. Ciccone,* 152 A.3d 1004 (Pa. Super 2016) held:

> Appellant's sentence was not illegal when imposed, he was sentenced under the statute in justifiable reliance upon

6

existing United States Supreme Court precedent that it was constitutional, and the statute is not a nullity. Appellant's sentence can be considered illegal now only if *Alleyne* is held to apply retroactively. Our Supreme Court has clearly ruled in *Washington* that such is not the case.

Accordingly, the trial court did not commit an error of law or an abuse of discretion in concluding that *Alleyne* did not render Appellant's sentence illegal. We thus affirm the denial of PCRA relief.

*Id.* at 1010.

Defendant contends that the United States Supreme court ruling in *Montgomery v. Louisiana*, is a new rule of constitutional law that would require the retroactive application of *Alleyne v. United States*. The application of the law put forth by Defendant is flawed. The ruling in *Washington* clearly states that *Alleyne* does not apply retroactively to cases pending on collateral review. Therefore, Defendant's contention that the ruling in *Montgomery* is a retroactive application of the law in *Alleyne* holds no merit.

2. Whether the PCRA Court erred in denying Appellant's post-conviction petition as "untimely" filed where Appellant established that his [after-discovered evidence] claim [was] within the [plain language of the timeliness exception] set forth at 42 PA. C.S.A. (b) (1) (ii) and Section 9545 (b)(2) in accordance with *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585, (Pa. 1999), where under Section 42 Pa. C.S.A 9545 (b)(2), a petitioner has (60) days to file a petition from the date that the claim could have been presented?

Under 42 Pa.C.S.A. § 9545:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

7

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2)     Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
*Id.*

Defendant contends that his "untimely" filed PCRA falls within the timeliness exceptions as set forth in 42 Pa. C.S. A. § 9545 (b)(1). Defendant further asserts that since he meets the requirement of 42 Pa. Cons. Stat. § 9545 (b)(1)(ii), he therefore meets the requirement of 42 Pa. C.S.A. § 9545 (b)(2). The matter of timeliness regarding the filing of the PCRA was addressed during the PCRA hearing held on February 13, 2017 in which Defendant argues that a photograph of him taken in 2006 is newly discovered evidence. Defendant stated:

> ...I've known that I had a scar since 1991. But for what photograph of me, Your Honor, this is an unrelated case. I had no idea what SCI Cresson would retain because SCI Cresson has since closed.
>
> I went to SCI retreat to get these pictures through the department...I wrote a request to the records department.
>
> The first request was September 2, 2016...

(See PCRA Transcript of February 13, 2017, p. 20).

8

Defendant argues that the newly discovered photo is indisputable new evidence discovered as of September 2, 2016. (N.T., pp. 20-21). Defendant further argues that "the due diligence at trial was a reasonable effect, according to *Commonwealth versus Wolfe* and *Commonwealth versus Selinski*. It requires a reasonable effort. Your honor, I tried everything I knew possible." (*Id.* at p. 21).

The Commonwealth responded at the hearing that although the discovery of the picture is untimely, it is not important because Defendant's face was present at the trial and the jury had the opportunity to see Defendant's scar. The Commonwealth indicated that the Defendant had the opportunity to show his scar to the jury, thus, the picture is not newly discovered evidence. (*Id.* at p. 28). Furthermore, as noted above, this is Defendant filed multiple PCRA petitions and failed to address this issue in subsequent filings.

The court addressed both the timeliness and the due diligence aspects of the law at the hearing in this matter as follows:

> Where I'm somewhat struggling is that this issue of his face and the scar is not something that was newly discovered. This was the photo of him that was taken of him while he was conscious and awake going into a State Correctional Institution (SCI). This picture existed, always existed, and he was able to get it at this juncture, just as any other lawyer or person would be able to get it for the purposes of the trial.

*Id.* at p. 41-2.

Based on the foregoing reasons, Defendant did not perform due diligence in discovering the photograph which existed since 2006.

9

## CONCLUSION

After review of the record, trial testimony and transcripts, the Court finds no substantive merit to Defendant's PCRA claims. Accordingly, no meritorious issue for appeal exists with regard to Defendant's instant appeal.

### END OF OPINION