J-S13022-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN LEE MOWERY | : | |
| | : | |
| Appellant | : | No. 1073 WDA 2017 |
| | : | |

Appeal from the PCRA Order January 9, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002608-2010

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    FILED JULY 13, 2018

Appellant, Steven Lee Mowery, appeals from the order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-9546. This case returns to us after we remanded for Appellant to file a Pa.R.A.P. 1925(b) statement and for the PCRA court to prepare an opinion pursuant to Pa.R.A.P. 1925(a). The matter is now ready for our disposition, and we affirm.

The PCRA court summarized the history of this case as follows:

[Appellant] pled guilty on July 11, 2011 to two (2) counts of Aggravated Indecent Assault – Forcible Compulsion (felonies of the 2nd Degree). A pre-sentence investigation was ordered and on November 3, 2011, [Appellant] received a sentence of no less than 3 ½ years to no more than 10 years in the state correctional system, consistent with the plea agreement negotiated into by and between the Commonwealth and [Appellant]. [Appellant's] trial counsel was Attorney Perry Flaugh. A sexual offender's assessment was performed by the

Pennsylvania Sexual Assessment Board. The Commonwealth initially filed a Praecipe for a Sexually Violent Predator's Classification hearing, however, upon receipt and review of the assessment, the Commonwealth withdrew such praecipe.

[Appellant] never filed [a] direct appeal. On March 2, 2015, [Appellant] filed his [PCRA] Petition pro se. On April 9, 2015, [the PCRA court] entered an Order appoint[ing] Paul M. Puskar as PCRA counsel and providing him sixty (60) days to file any amended PCRA petition. On July 2, 2015, we held a status conference with counsel only, and provided Attorney Puskar an extension until Friday, September 4, 2015 to file an Amended PCRA Petition, including setting forth any claimed "after discovered evidence" that would justify relief under the PCRA Act, and further, identifying if any of these three (3) exceptions to the timeliness requirements applied. [42 Pa.C.S.A. § 9545(b)(1) and Commonwealth v. Hawkins, 953 A.2d 1248 (Pa. 2008)]. No Amended PCRA Petition was filed.

Another status conference was held with [PCRA] counsel on October 4, 2016, the same date the Commonwealth filed a Motion to Dismiss [Appellant's] PCRA Petition as being untimely. On January 3, 2017, a hearing was held relative to the Commonwealth's Motion to Dismiss, at which time, [Appellant] testified on his own behalf.

PCRA Court Opinion, 1/9/17, at 1-2 (emphasis and some brackets in original).

In an opinion and order filed on January 9, 2017, the PCRA court dismissed Appellant's PCRA petition as having been untimely filed. Appellant then filed, pro se, a second PCRA petition seeking reinstatement of his right to appeal the dismissal of his first PCRA petition. The PCRA court appointed counsel, who then filed an amended second PCRA petition. In an order dated July 13, 2017, the PCRA court granted Appellant relief and reinstated his appellate rights nunc pro tunc. This timely appeal followed.

On August 1, 2017, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. However, Appellant failed to file the statement as ordered. The PCRA court did not prepare an opinion pursuant to Pa.R.A.P. 1925(a). Rather, the PCRA court issued a one-sentence letter to the Prothonotary of Blair County stating, "In reference to the above [captioned case], please be advised that I will stand on the record concerning the pending appeal." PCRA Court Letter, 9/21/17, at 1.

On May 4, 2018, this Court issued a memorandum decision in which we remanded the matter for the filing of a Pa.R.A.P. 1925(b) statement and a PCRA court opinion pursuant to Pa.R.A.P. 1925(a). Both Appellant and the PCRA court have complied with our directive. This case is ripe for our disposition.

Appellant presents the following issue for our review:

1. Whether the [PCRA court] erred and abused its discretion in denying and dismissing [Appellant's] PCRA Petition?

Appellant's Brief at 4.

Appellant argues that the PCRA court erred in dismissing his PCRA petition due to being untimely filed. Appellant's Brief at 8-10. Appellant contends that he properly pleaded and proved the unknown-facts exception to the PCRA timeliness requirements. Id. Appellant alleges that he received two reports from Children and Youth Services ("CYS") containing exculpatory information, which qualifies as after-discovered facts. Id. at 9.

- 3 -

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. Commonwealth v. Rykard, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We first address whether Appellant satisfied the timeliness requirement of the PCRA. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Cintora, 69 A.3d 759, 762 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). Commonwealth v. Carr, 768 A.2d 1164, 1167 (Pa. Super. 2001).

_____

[1] The exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Our review of the record reflects that Appellant's judgment of sentence became final on Monday, December 5, 2011,[2] thirty days after the trial court imposed the judgment of sentence, and Appellant failed to file a direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, in order to be timely under the PCRA, Appellant was required to file his PCRA petition on or before December 5, 2012. Appellant did not file the PCRA petition until March 2, 2015. Accordingly, the instant PCRA petition is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant attempts to argue the timeliness exception under Section 9545(b)(1)(ii), with his assertion that "he received from his wife in early 2015, sixty days before he filed the PCRA Petition[,] his discovery packet in his criminal case that included two CYS reports that contained exculpatory evidence." Appellant's Brief at 8. Appellant contends that he did not know about the allegedly exculpatory information in the reports until he saw the

_____

[2] We note that a direct appeal needed to be filed on or before Monday, December 5, 2011, because December 3, 2011, was a Saturday. See 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). See also Pa.R.A.P. 107; Pa.R.A.P. 903, note.

reports. Id. at 9. Appellant contends that he met the elements of the after-discovered facts exception because he did not know the CYS reports existed until he saw the reports, he received the reports from his wife in early 2015, he exercised due diligence by attempting to get CYS reports earlier and was rebuffed, and he filed his PCRA petition within sixty days of receiving the reports from his wife. Id. at 9.

In disposing of Appellant's petition, the PCRA court addressed Appellant's attempt to invoke the unknown-facts exception as follows:

> During our PCRA Hearing held January 3, 2017, [Appellant] testified on his own behalf. He claimed that he received "after discovered evidence", more specifically, two (2) reports from Blair County Children Youth & Families (BCCYF), from his wife, Becky, J. Mowery. [Appellant] claims that his wife received these record from Attorney Daniel J. Kiss, who during the relevant time period served as an Assistant District Attorney and prosecuted this case. [Appellant] also testified that his wife obtained this information from the Blair County Clerk of Court's Office. We do not find [Appellant's] testimony to be credible in any respect. First of all, it does not make any sense that Attorney Kiss would send the discovery packet to [Appellant's] wife. Instead, the discovery packet was provided to [Appellant's] trial counsel, Attorney Flaugh. Further, the Blair County Clerk of Court's Office would not have within its possession any discovery packet for any criminal case.
>
> Beyond the above, [Appellant] testified that he received this discovery packet "within twenty-six (26) months" of being transported to SCI-Houtzdale. [Appellant] confirmed that he received the discovery packet in late – 2013. Pursuant to 42 Pa.C.S.A. § 9545(b)(2), any petition invoking any of the exceptions must be filed within sixty (60) days of the date the claim could have been presented. The filing date of March 2, 2015 for the [instant] PCRA Petition exceeds this time limitation.

PCRA Court Opinion, 1/9/17, at 5-6 (emphasis in original).

Our review of the certified record reflects support for the PCRA court's determination that Appellant did not file the instant PCRA petition within the sixty-day time frame. Specifically, Appellant testified at his PCRA hearing that he received the "discovery packet" from his wife twenty-six months after he was transferred to Houtzdale Prison. N.T., 1/3/17, at 10-11. Appellant further testified that he was transferred to Houtzdale prison "sometime in 2011." Id. at 11. When questioned by the PCRA court, Appellant acknowledged that he received the discovery packet sometime in late 2013. Id. at 11-12. Assuming for the sake of argument that Appellant was transferred to Houtzdale on December 31, 2011, then by his own testimony, he would have received the discovery packet twenty-six months later, i.e., on or about February 28, 2014. In order to invoke properly the unknown-fact exception, Appellant needed to file his PCRA petition on or before April 29, 2014. However, as previously stated, Appellant did not file the PCRA petition until March 2, 2015. Accordingly, Appellant failed to raise his claim within the sixty-day time frame pursuant to Section 9545(b)(2), and he cannot avail himself of the exception.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the issues presented in the PCRA petition and grant relief. See Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims

raised in the PCRA petition. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2018