J-A03029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :             PENNSYLVANIA
                                                    :
             v.                                :
                                                  :
                                                  :
AMBROSE J. SAMPLE, II              :
                                                  :
            Appellant           :    No. 1174 WDA 2018

Appeal from the PCRA Order Entered July 25, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000107-1999

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 7, 2019**

Appellant, Ambrose J. Sample, II, appeals *pro se* from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 29, 1998, Appellant twice discharged a shotgun, thereby killing the victim who was approximately 100 feet away.  Appellant was arrested and charged with criminal homicide and first-degree murder.[1]  On October 8, 1999, a jury convicted Appellant of third-degree murder.[2]  On December 6, 1999, the trial court sentenced Appellant to serve a term of incarceration of twelve to twenty-five years.

---

[1]  18 Pa.C.S. §§ 2501 and 2502(a), respectively.

[2]  18 Pa.C.S. § 2502(c).

---

*   Retired Senior Judge assigned to the Superior Court.

On direct appeal, this Court affirmed Appellant's judgment of sentence on March 13, 2001, and his petition for allowance of appeal with the Pennsylvania Supreme Court was denied on August 8, 2001. *Commonwealth v. Sample*, 640 WDA 2000, 777 A.2d 508 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 784 A.2d 116 (Pa. 2001). Appellant filed his first PCRA petition on May 13, 2002, which the PCRA court dismissed on November 21, 2002. On January 5, 2005, this Court affirmed the PCRA court's determination, and our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Sample*, 2222 WDA 2002, 872 A.2d 1274 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 881 A.2d 819 (Pa. 2005).

On August 31, 2007, Appellant filed a second PCRA petition. The PCRA court denied relief on November 27, 2007. Appellant did not file an appeal.

On April 14, 2008, Appellant filed a third PCRA petition, which the PCRA court denied. This Court affirmed the order of the PCRA court on December 2, 2008, and our Supreme Court denied allowance of appeal on May 20, 2009. *Commonwealth v. Sample*, 907 WDA 2008, 965 A.2d 301 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 971 A.2d 493 (Pa. 2009).

Appellant filed the instant PCRA petition, his fourth, on March 22, 2018. On July 25, 2018, the PCRA court dismissed the petition as untimely filed. This timely appeal followed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement. The PCRA court filed a one-paragraph opinion

pursuant to Pa.R.A.P. 1925(a), in which it relies upon its notice of intent to dismiss.

Appellant presents the following issue for our review:

Whether 18 Pa.C.S. § 2502(c) is constitutionally void for vagueness in violation of Article I, section 9, of the Pennsylvania Constitution, and the 5th and 14th Amendments of the United States Constitution?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and

- 3 -

J-A03029-19

jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).[4]

_____

[3] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented. 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section,

As previously noted, our review of the record reflects that Appellant's judgment of sentence was affirmed by this Court on March 13, 2001. *Sample*, 640 WDA 2000, 777 A.2d 508. On August 8, 2001, our Supreme Court denied Appellant's petition for allowance of appeal. *Sample*, 784 A.2d 116 (Pa. 2001). However, Appellant did not file a petition for *writ of certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on November 6, 2001, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 13. Thus, the instant PCRA petition, filed on March 22, 2018, is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

---

December 24, 2017, or thereafter. Because Appellant filed the instant petition on March 22, 2018, we will apply the amendment.

Appellant does not specifically allege that the delay in filing his PCRA petition was due to interference by governmental officials, that the facts underlying his petition were unknown to him and could not have been ascertained by the exercise of due diligence, or that the right he has asserted is a retroactive constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Thus, Appellant fails to invoke any of the timeliness exceptions contained in the PCRA. Therefore, the instant PCRA petition remains time-barred.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2019

- 6 -