J-S33034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL ALEXANDER WADE, III | : | |
| | : | |
| Appellant | : | No. 470 WDA 2023 |

Appeal from the PCRA Order Entered January 24, 2017
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0001247-2006

BEFORE:  BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:　　　　　　　**FILED: November 3, 2023**

Appellant Alexander Paul Wade, III appeals from the PCRA court's order of January 24, 2017 in the Lawrence County Court of Common Pleas. We find that the trial court did not have the jurisdiction under the PCRA to reinstate Appellant's appeal rights *nunc pro tunc* leading to this appeal. Thus, we vacate the March 31, 2023, Order reinstating Appellant's rights *nunc pro tunc*, and we dismiss this appeal.

The facts and procedural history are as follows: After a bar fight in which Appellant injured five people, causing two to be life flighted, he was found guilty by a jury of two counts of criminal attempt to commit criminal homicide, five counts of aggravated assault, and five counts of simple assault. On May

_____

[*] Former Justice specially assigned to the Superior Court.

25, 2010, Appellant was sentenced to a term of incarceration for thirty to sixty years. N.T., 5/25/10, at 22.

On October 8, 2010, Appellant filed a notice of appeal to this Court. On May 27, 2011, Appellant filed a *pro se* PCRA motion which was denied on June 1, 2011 because the appeal was pending. On September 23, 2011, the Superior Court affirmed Appellant's judgment of sentence. On June 13, 2012, our Supreme Court denied Appellant's petition for allowance of appeal. Appellant did not seek discretionary review by the Supreme Court of the United States. As such, Appellant's judgment of sentence became final on September 13, 2012.[1]

On June 10, 2013, Appellant filed a timely *pro se* PCRA petition, claiming ineffectiveness of trial counsel for failure to present mitigating evidence at sentencing. Almon Burke, Esq. was appointed on June 17, 2012, and subsequently filed an amended PCRA petition on January 28, 2016.[2] A brief in support of the amended petition was filed on January 29, 2016. The PCRA court held evidentiary hearings on April 29, 2016, July 8, 2016, and December 2, 2016. On January 24, 2017, the PCRA court issued an order of court and

---

[1] **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review").

[2] "Numerous continuances for different reasons delayed proceedings in the case until January 26, 2016." Tr. Ct. Op. at 7.

opinion which denied Appellant's PCRA petition on all claims raised. No timely appeal was filed.

Although still represented by Attorney Burke, Appellant filed another *pro se* PCRA petition *nunc pro tunc* and a *pro se* notice of appeal on August 9, 2017, and August 14, 2017, respectively. On August 23, 2017, the trial court issued an order denying the PCRA petition[3] and deeming the notice of appeal as having no effect for failure to be perfected. For some reason, on July 29, 2022, Appellant filed a brief in support of his *pro se* petition which had been denied on August 23, 2017, about five years earlier. The trial court properly issued an order on August 11, 2022, stating that the filing of the brief had no effect as the *pro se* PCRA petition had been dismissed in 2017.

On January 23, 2023, Appellant filed a subsequent PCRA petition. The court appointed new PCRA counsel on January 25, 2023. A motion for leave to file an amended PCRA petition *nunc pro tunc* was filed on March 15, 2023. The court granted leave on March 30, 2023. The amended PCRA petition was filed by counsel on March 31, 2023, requesting that the PCRA court restore Appellant's right to appeal the denial of his original PCRA petition *nunc pro tunc*. The PCRA court issued an order dated March 31, 2023, and filed on April

---

[3] The trial court denied the PCRA petition because an appeal and a PCRA petition cannot be pursued at the same time. However, this subsequent PCRA petition should have been dismissed for not being filed within the statutory period according to section 9545(b)(1) of the PCRA.

3, 2023, granting PCRA relief *nunc pro tunc* allowing Appellant thirty days to appeal the January 24, 2017 order denying his first PCRA petition. Appellant filed a notice of appeal on April 20, 2023.

Appellant raises the following issue for our review: "Did the PCRA Court commit error by denying Appellant relief in the form of resentencing based on ineffective assistance of trial counsel, because of the failure to present mitigating evidence?" Appellant's Br. at 4.

Before we address this issue, we must determine whether the PCRA court had jurisdiction to entertain Appellant's January 23, 2023, PCRA petition for *nunc pro tunc* relief and to issue the March 31, 2023, order reinstating Appellant's appellate rights. **See Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020) (stating, "it is appropriate for an appellate court to consider sua sponte the timeliness of a PCRA petition from which *nunc pro tunc* appellate rights have been reinstated, even where the Commonwealth has not separately appealed (or appeals but then withdraws its appeal) from the order granting relief"). We conclude that the court did not have jurisdiction.

As discussed *supra*, Appellant's judgment of sentence became final on September 13, 2012. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating that judgment becomes final at the end of direct review). Our review of the record shows that direct review expired on or about September 13, 2012, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of

appeal and Appellant failed to seek review by the United States Supreme Court.

Therefore, Appellant had until September 13, 2013, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1) (stating, a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner alleges and proves one of the three enumerated exceptions set forth herein). Appellant filed *pro se* his subsequent PCRA petition seeking reinstatement of his appellate rights on January 23, 2023, almost a decade after the expiration of time in which to file a timely PCRA petition. As such, Appellant's PCRA petition was patently untimely**. See Commonwealth v. Fairiror**, 809 A.2d 396, 391 (Pa.Super. 2002) (holding that, generally, "requests for reinstatement of appellate rights, including PCRA appellate rights," are PCRA petitions that "must meet the timeliness requirements of the PCRA").

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).

A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. *Spotz*, 171 A.3d at 676.

Appellant did not raise any of the three timeliness exceptions in his *nunc pro tunc* petition. Thus, because Appellant's subsequent PCRA petition was untimely, the PCRA court had no jurisdiction to grant reinstatement of PCRA appellate rights. *See Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) ("The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.").

We note with displeasure the lack of attention to his client displayed by Appellant's previous counsel, Attorney Burke, in this case. The court issued multiple orders directing Attorney Burke to confer with his client to determine if an appeal should be pursued, but Attorney Burke failed to comply.[4] Although Appellant's current counsel claimed ineffectiveness of trial counsel in his amended petition on March 21, 2023, that petition was a nullity because it was filed almost ten years after Appellant's judgment of sentence became

---

[4] Tr. Ct. Order 3/28/17; Tr. Ct. Order 8/11/2017; Tr. Ct. Order 8/23/2017.

final. Attorney Burke's failure to pursue an appeal after the January 24, 2017 PCRA court's order and opinion "became an unremediable error, because the only way to go about correcting that error [would be] to file a [subsequent] (and untimely) PCRA petition." *Fairiror*, 809 A.2d at 399. "[C]ounsel[] should be aware that it is a rare case indeed that will proceed so swiftly through our courts as to allow a timely second PCRA petition. Thus, given the PCRA's time constraints, it is imperative that counsel file timely PCRA appeals or run the substantial risk of having that right lost forever." *Id*.

We, therefore, vacate the March 31, 2023, Order reinstating Appellant's rights *nunc pro tunc*, and we dismiss this appeal.

PCRA court's March 31, 2023, Order vacated. Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/3/2023